**SEALED DOCUMENT**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AN ORDER, PURSUANT TO
18 U.S.C. 2703(d), COMMANDING THE
PRODUCTION OF RECORDS
PERTAINING TO WIRELESS TELEPHONE
NUMBER (978) 996-7979

1:05-mc-38-JM

## ORDER

This matter came before the Court pursuant to an Application under Title 18, United States Code, Section 2703(c), 2703(d) and 2705(b), by Thomas P. Colantuono, the United States Attorney for the District of New Hampshire, and Robert M. Kinsella, an Assistant U.S. Attorney ("the government"), requesting the Court to issue an Order:

   (**a**) Directing T-Mobile, a provider of electronic communication service within the meaning of 18 U.S.C. § 2510(15), to produce to the government certain subscriber information and transactional records related to cellular/wireless telephone number (978) 996-7979, for the time period May 18, 2005 to November 7, 2005;

   (**b**) Pursuant to 18 U.S.C. § 2705(b), directing T-Mobile and all of its employees and agents not to disclose to the subscriber (or any other unauthorized person) the criminal investigation referred to herein, the existence of the government's Application and this Order, and the fact that T-Mobile has provided information related to cellular telephone number (978( 996-7979 to the government; and

   (**c**) Sealing this Application and the requested Order, at Level 2.

The Court finds that the government has offered specific and articulable facts to demonstrate that there are reasonable grounds to believe that the records sought are relevant and material to a

criminal investigation that is being conducted by the New Hampshire State Police to determine whether a person whose true identity is not known to the government -- who is referred to in the government's Application as "**SANTIAGO**" -- has committed a violation of Title 18, United States Code, Section 1073 (unlawful flight to avoid prosecution), and that the requested information is relevant to that investigation.

The Court also finds that the criminal investigation of **SANTIAGO** will be jeopardized if the government's Application, this Order and/or the fact that the requested information has been disclosed to the government is revealed to any unauthorized person.

**ACCORDINGLY, IT IS ORDERED**, pursuant to 18 U.S.C. § 2703(d) and 2705(b), that T-Mobile shall provide the following transactional records pertaining to cellular/wireless telephone number (978) 996-7979, for the period from May 18, 2005 to November 7, 2005, to the government, forthwith:

    a. Historical cell site activation,

    b. Numbers dialed,

    c. Incoming numbers if identified, without geographic limitations,

    d. Call durations,

    e. Signaling information,

    f. A listing of all control channels and their corresponding cell-sites,

    g. Subscriber, Electronic Serial Number ("ESN")

          and billing information for the specified cellular/wireless telephone,

  h.  An engineering map, showing all cell-site tower locations, sectors, and orientations, and

  I.  Subscriber, ESN, and billing information for any other cellular/wireless telephones on the same account as cellular/wireless telephone number (978) 996-7979 or that may be identified from these records;

**IT IS FURTHER ORDERED** that if the cellular/wireless Mobile Identification Number ("MIN")/ESN or combination was changed by the subscriber during the period May 18, 2005 to November 7, 2005, the Court's Order will apply to any new MIN/ESN;

**IT IS FURTHER ORDERED**, pursuant to 18 U.S.C. § 2703(d), that T-Mobile shall provide to the government all subscriber information, including the names, addresses, credit and billing information of the subscriber(s) to telephone number (978) 996-7979, for the time period May 18, 2005 to November 7, 2005;

**IT IS FURTHER ORDERED** that T-Mobile and its agents and employees shall not disclose to the subscriber (or any other unauthorized person) that the government is conducting a criminal investigation of **SANTIAGO**, the existence of the government's Application, the existence of this Order, or the fact that information related to cellular telephone number (978) 996-7979 has been provided to the government, unless or until otherwise ordered by the Court; and

**IT IS FURTHER ORDERED** that the government's Application and this Order shall be filed sealed, at level 2, until otherwise ordered by the Court.

November 9, 2005

                                                    _____
                                                    **JAMES R. MUIRHEAD**
                                                    United States Magistrate Judge